CULPEPPER, Judge.
This is a suit for damages for personal injuries to Charles G. Ardoin, minor son of the plaintiff, Only Ardoin. Charles, then 13 years of age, was riding a bicycle on the highway when he was struck by a GMC panel wagon owned by Lawrence Brewer, being driven at the time by Jerry D. Desa-dier, and insured by the defendant, State Farm Mutual Automobile Insurance Company. The trial judge awarded $1500 in general damages, plus medical expense. Defendant appealed.
The substantial issues on appeal are: (1) Was the insured driver negligent in failing to go entirely into the left lane as he started to pass the bicycle, which was on the right edge of the pavement ? (2) Was the young bicyclist contributorily negligent in suddenly turning to the left and going toward the left side of the highway, after he heard the horn of the insured vehicle approaching behind him, even though the boy never reached the center of the road and was struck while still in the right hand lane of traffic?
Although some of the testimony is contradictory, there is little dispute that the following are the essential facts: The accident occurred on U.S. Highway #167 about 1 mile east of the city of Ville Platte; the highway runs east and west, is straight, level and paved; the weather was clear; it was good daylight, about 5:20 p.m. on June 30, 1966; the speed limit was 60 miles per hour.
Young Charles Ardoin had been delivering newspapers and, immediately prior to the accident, was riding his bicycle on the right or north edge of the pavement. When he heard the horn of the insured vehicle approaching from his rear, he did not look back. Instead, he turned his bicycle suddenly to the left with the intention of going into the left lane of travel, to let the vehicle pass him to his right. The trial judge is probably correct in astutely observing that the boy, like most boys, did not want to “take the rough shoulder.” When he reached a point 1 or 2 feet to the right of the center-line of the highway, the rear of his bicycle was struck by the right front door of the insured panel wagon.
The defendant’s insured was proceeding in a westerly direction at a speed of 45 to 50 miles per hour and passed a pickup truck driven by one Joffre Edwards, thereafter returning to the right side of the highway. The driver, Jerry Desadier, testified that after he passed Edwards he saw the boy on the bicycle a long distance ahead and that, when he first saw him, the boy was on the left side of the highway. As he approached, the boy moved over to the right edge of the pavement. When Desadier neared the boy, he blew his horn and started to go around him. The boy suddenly turned left. Desa-dier cut to the left in an effort to avoid striking the bicycle but it also continued to go toward the left side of the highway. The right front door of the panel wagon struck the rear of the bicycle, just before the bicycle reached the center of the highway.
The trial judge reasoned that the insured driver was negligent “in running into the rear of this boy who was in his proper lane of traffic and had the right to be where he was.” W.e cannot agree that this is a correct application of the law to the facts.
LSA-R.S. 32:73(1) provides in pertinent part that “a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance * * There is no requirement that the passing vehicle go entirely into the left lane.
LSA-R.S. 32:194 provides in pertinent part that every person riding a bicycle on the highway “shall be granted all of the rights and shall be subject to all the duties applicable to the driver of a vehicle”, except for certain special regulations which are not applicable here.
*634 We cannot agree with the trial judge that it was necessary for the insured driver to move entirely into the left lane of travel to pass a bicycle which was on the right edge of the pavement. LSA-R.S. 32:73 requires only that the passing vehicle “shall pass to the left thereof at a safe distance.” Under the facts presented here, the insured driver was passing at a safe distance to the left of the bicycle. There can be little question that there would have been no accident had the boy not suddenly turned to the left.
We find no negligence on the part of the insured driver. He was driving at a legal and reasonable speed, was keeping a proper lookout, saw the bicycle ahead of him, sounded his horn and started to pass at a safe distance to the left of the bicycle. He was violating no statute nor any duty of care owed to the bicycle. The sole cause of this accident was the negligence of young Ardoin in suddenly turning to the left, instead of giving “way to the right in favor of the overtaking vehicle on audible signal”, as required by the express provisions of LSA-R.S. 32:73(2).
Having concluded there was no negligence on the part of the insured driver, it is unnecessary for us to discuss the alternative plea of contributory negligence on the part of the bicyclist. However, we might add gratuitously that there can be little question that he was negligent.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, State Farm Mutual Automobile Insurance Company, and against the plaintiff, Only Ardoin, rejecting plaintiff’s demands. All costs in the lower court, as well as the costs of this appeal, are assessed against the plaintiff appellee.
Reversed and rendered.