215 So.2d 187 (1968)
James PRICE, Plaintiff-Appellee,
v.
Lois WATTS et al., Defendants-Appellants.
No. 2438.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
Rehearing Denied November 20, 1968.
*188 Gist, Methvin & Trimble, by James T. Trimble, Jr., Alexandria, for defendants-appellants.
Neblett, Fuhrer & Hunter, by Leonard Fuhrer, for plaintiffs-appellees.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
Mrs. Lois Watts and her liability insurer are sued for personal injuries sustained by the plaintiff, James Price, a now-emancipated minor. Price, then 17, was struck by an automobile driven by Mrs. Watts. The defendants appeal from adverse judgment.
The accident occurred on a two-lane highway in the outskirts of the city of Alexandria. Prior to it, Mrs. Watts was driving southward in her (west) lane. Approaching her on the narrow west shoulder was the plaintiff Price, riding his bicycle, and loaded with items purchased from a grocery store.
By exceptionally persuasive argument, counsel for the defendants-appellants argues that Mrs. Watts, his driver, was free from fault because she could not anticipate that the boy on the bicycle would suddenly fall in her path. Ardoin v. State Farm Mutual Automobile Ins. Co., La.App. 3 Cir., 205 So.2d 632; Cormier v. Sinegal, La.App. 3 Cir., 180 So.2d 567. However, the facts of the present case are distinguishable from those in the cited decisions. The trial court did not commit error in rejecting this contention.
*189 We pretermit the plaintiffs' contention that young Price fell or turned into Mrs. Watts' path when she was an appreciable distance from him, as a result of which her negligent failure to observe him sooner and to avoid him was the sole cause of the accident. See, e. g., Brooks v. State Farm Mutual Auto. Ins. Co., La.App. 2 Cir., 91 So.2d 403, certiorari denied. For we believe that, even accepting Mrs. Watts' version of the accident, she nevertheless is liable because she had the last clear chance to avoid it.
Mrs. Watts stated that she saw the young bicyclist proceeding toward her on the narrow shoulder with a package of ice under his right arm and steering his bicycle with the other hand. She did not slow down from her speed of 35-40 mph, nor take precautions to veer to her left. She says only that she could not avoid the accident when, as she got almost abreast of him, young Price suddenly fell in her path as he reached for the ice when it slipped out from under his arm. There was no other traffic approaching at the time.
Under the circumstances, she should have realized earlier that the hazardous situation of the young bicyclist might necessitate evasive action on her part. According to the preponderant testimony, the boy was not only carrying a bag of ice in his right hand; he was also with his left hand holding a bag of other purchases from the grocery store, while using this left hand to guide the bicycle. The narrow 18-inch gravel shoulder was unlevel and bumpy. Tr. 101. The precariousness of the boy's situation should have been reasonably apparent to oncoming motorists. Nevertheless, without slacking her speed or veering, she continued onward near the right edge of the pavement.
The Louisiana last clear chance doctrine applies in circumstances such as the present. Under this doctrine, a defendant motorist is liable for injury to a plaintiff, despite any contributory negligence on the latter's part, if an accident occurs when (1) the plaintiff was previously in a position of peril, of which he was either apparently unaware or else from which he could not extricate himself, (2) the defendant discovered, or could reasonably have observed, the plaintiff's danger and (3), thereafter, could have reasonably avoided the accident. See Belshe v. Gant, 235 La. 17, 102 So.2d 477; Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153; Venero v. State Farm Mutual Auto. Ins. Co., La.App. 3 Cir., 196 So.2d 841.
The trial court therefore correctly found that, upon observing the perilous situation of young Price struggling to guide his bicycle on the narrow shoulder, his arms hampered by the loads, Mrs. Watts should reasonably have slowed or veered leftward (young Price was struck just 2 feet within the 24-foot wide paved roadway) or should otherwise have assumed such control of her automobile as to prepare to stop immediately to avoid the readily foreseeable hazard to the young bicyclist created by his perilous position on the edge of the pavement.
Her failure to do so constituted a dereliction of the first duty of a motorist to keep a sharp lookout ahead to discover the presence of those who might be endangered by the vehicle's advance. Jackson v. Cook, cited above. As stated in the cited Venero case at 196 So.2d 845: "The failure to heed this duty is negligence, and under the settled jurisprudence of this state, such a failure imposes liability on persons in control of motor vehicles and other dangerous instrumentalities for injuries which they inflict upon less armored members of our society who happen upon the roadways. * * *"
The negligence of Mrs. Watts is founded on a principle similar to that summarized at 2 Blashfield, Automobile Law and Practice, Section 102.7 (3d ed., 1965): "If a motorist sees a bicycle rider pursuing an unsteady course in front of him, he *190 should exercise that care to avoid an accident which is commensurate with such a situation." See Bybee Brothers v. Imes, 288 Ky. 1, 155 S.W.2d 492 (1941). In Bosarge v. Spiess & Co., La.App., Orl., 145 So. 21, for instance, a motorist approaching a young bike rider was held negligent for passing too close and failing to anticipate that the young cyclist would veer into his path to avoid a parked truck. Cf. also Ates v. State Farm Mutual Auto Ins. Co., La. App. 3 Cir., 191 So.2d 332.
Although the defendants-appellants complain of the award of $10,000 as excessive, the record shows that the plaintiff Price sustained compound fractures of the leg and arm, as well as severe face lacerations leaving some scar tissue. The award will not be disturbed upon appellate review. There is no showing that the fact-trier abused its very great discretion in the award of general damages for personal injuries. LSA-Civil Code Art. 1934(3); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Ballanga v. Hymel, 247 La. 934, 175 So.2d 274; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendants-appellants.
Affirmed.
HOOD, Judge (Dissenting).
In my opinion the majority has erred in finding that Mrs. Watts was negligent, and in applying the last clear chance doctrine.
My colleagues obviously have found, since the decision was based solely on last clear chance, that plaintiff was negligent in turning suddenly from the shoulder onto the paved portion of the highway, directly in front of the Watts automobile, and that his negligence in the respect was a proximate cause of the accident. Under the evidence presented, they must concede that Mrs. Watts did not have an opportunity to avoid the accident after plaintiff suddenly turned into her lane of traffic.
They, however, have allowed plaintiff to recover under the doctrine of last clear chance. The reasons assigned for that holding are that plaintiff was in a position of peril as he was riding his bicycle on the shoulder of the highway, even before he turned suddenly into the defendant's lane of traffic, and that after Mrs. Watts observed him in that position of peril (riding on the shoulder) she should have reduced her speed and turned into the other lane of traffic. I am unable to agree with that holding.
The majority has estimated that young Price was struck "just 2 feet within the 24-foot wide paved roadway." They have overlooked the fact, however, that when the collision occurred the bicycle was at right angles to the highway, that Price himself was far enough into the highway that he was struck by the right headlight of the automobile, and that the front wheel of the bicycle thus was much nearer the center line of the highway. The bicycle obviously occupied most of Mrs. Watts' lane of traffic when the accident occurred. The automobile at all times was in its proper lane of traffic. All of the evidence shows that Price was struck immediately after he made his sudden turn onto the highway. The highway on which the accident occurred was the heavily traveled Alexandria-Baton Rouge highway, and Mrs. Watts was driving much slower than the authorized speed limit.
Under Mrs. Watts' version of the accident, plaintiff dropped a bag of ice which he had been carrying and he suddenly fell or veered into her lane of traffic as he was endeavoring to recover it. Plaintiff gave substantially the same version of the accident in a written statement which he made shortly after it occurred. At the trial, however, he testified that after dropping the ice he brought his bicycle to a complete stop on the shoulder, that while stopped safely in that position he looked in both directions but did not see any approaching vehicles, that he then deliberately drove on the highway for the purpose of turning *191 around and going back to pick up the ice, and that he was struck almost immediately after he entered the pavement and before he completed his turn.
Under either of these versions of the accident, I think Mrs. Watts was free from negligence. If we accept plaintiff's own testimony, that is that he had stopped his bicycle on the shoulder and thereafter purposely drove onto the pavement in front of the approaching car, then it appears to me that as Mrs. Watts approached she was entitled to assume that plaintiff would remain safely stopped on the shoulder and that he would not suddenly dart in front of her. If we accept the other version of the accident, then it also appears to me that Mrs. Watts had no reason to suspect that Price would drop the bag of ice and suddenly fall in front of her car as he was endeavoring to recover it. Plaintiff was not a child. He lacked only two months of being 18 years of age, and certainly Mrs. Watts could assume that he would exercise some care.
Even if we assume that Mrs. Watts was negligent, an assumption which I do not think is justified, there still is no basis for applying the doctrine of last clear chance. As stated by the majority, the first requirement for application of that doctrine is that "plaintiff was previously in a position of peril, of which he was either apparently unaware or else from which he could not extricate himself." I think plaintiff was not in a position of peril until he turned onto the paved portion of the highway. He was perfectly safe until that occurred. But if we accept the majority's view that he was in a position of peril merely because he was riding on the shoulder of the highway, then certainly plaintiff himself should have been more aware of the danger than anyone else, and he could easily have extricated himself from it at any time. The first requisite for application of the last clear chance doctrine, therefore, is not present in this case.
The second and third requirements for application of that doctrine are that defendant must discover plaintiff's danger as soon as it is reasonably possible for him to do so, and thereafter he must have a reasonable opportunity to avoid the accident. Here, Mrs. Watts observed plaintiff on the shoulder of the highway as soon as it was possible for her to do so, and she saw him turn suddenly in front of her as soon as he turned.
I do not think a motorist on a heavily traveled state highway is required to stop or to drive into the opposing lane of traffic every time he passes a bicyclist who appears to be an adult on the shoulder of the highway. I believe he has a right to assume that the bicyclist will exercise some degree of care and that he will not turn directly into the path of the car. If such a rule applied to persons on bicycles, it also should be applied to pedestrians. In this case, Mrs. Watts was driving at a very conservative rate of speed, and she applied her brakes as soon as the bicycle turned on the paved portion of the highway. She did everything reasonably possible to avoid striking plaintiff, but she was unsuccessful in her efforts. She obviously did not have a reasonable opportunity to avoid the accident.
The facts and issues presented in the instant suit are almost identical to those which were determined by us in Ardoin v. State Farm Mutual Automobile Ins. Co., 205 So.2d 632 (La.App. 3d Cir. 1967), and Cormier v. Sinegal, 180 So.2d 567 (La.App. 3d Cir. 1965). In each of those cases, this court held that the motorist was free from negligence. I think the same rule should be applied here.
For these reasons, I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.