TATE, Judge.
This is a personal injury suit. The plaintiff appeals from judgment dismissing his claim. The appeal solely raises questions of fact and of evaluation of credibility.
An automobile driven by the defendant Haley’s minor son collided with a bicycle operated by the plaintiff Sweazie.
The accident occurred after dark on a four-lane through highway on the outskirts of Alexandria. The two northbound lanes were divided from the two southbound lanes by a grass neutral ground.
Sweazie, a 21-year-old boy at the time, testified that the Haley vehicle struck his bicycle from the rear while he was proceeding on the shoulder. Young Haley testified that Sweazie suddenly rode his bicycle from the neutral ground onto the highway into the immediate path of his automobile. In dismissing the plaintiff’s claim, the trial court expressly accepted the version of the accident to which young Haley testified.
The plaintiff-appellant persuasively suggests reasons why the trial court erred in discounting the plaintiff Sweazie’s testimony and in instead accepting young Haley’s as accurate. Nevertheless, we are unable to accept the minor discrepancies noted as sufficient reason to overturn the trier of fact’s evaluation of the credibility of the two eyewitnesses to the accident.
Such evaluation is primarily within the province of the trial court. The trial court’s factual determinations should not be disturbed upon review in the absence of *561 manifest error. McDonald v. Book, La. App. 3d Cir., 215 So.2d 394. We find none here.
The plaintiff-appellant further argues, however, that even accepting the version of the defendant driver, he had the last clear chance to avoid the accident. The plaintiff relies strongly upon Price v. Watts, La.App. 3d Cir., 215 So.2d 187. There, a motorist was held liable for failing to have slowed and have kept such control over her vehicle as to avoid hitting a young bicyclist ahead who veered suddenly into the motorist’s path.
In the Price case, the duty of the motorist to be able to stop immediately arose because she should have realized the peril of the young bicyclist ahead when she first observed him. He was struggling to guide his bicycle on a narrow shoulder, his arms hampered by loads of purchases from a grocery store. Even before he veered into her path, the motorist should reasonably have appreciated the bicyclist’s peril.
Distinguishing the present case, here the bicyclist was in the neutral ground cycling headdown (against the wind), and in no foreseeable hazard when the motorist first observed him. The bicyclist’s peril did not arise until he suddenly veered from the neutral ground into the oncoming motorist’s path.
At the time this sudden peril was created, the present motorist could no longer reasonably have avoided colliding with the bicyclist. The defendant driver thus did not have the last clear chance to avoid the accident.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiff’s suit. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.