HEARD, Judge.
This is a suit by William Henry Self, Sr. against George J. Eltife and his liability insurer, Fidelity and Casualty Company of New York, Traders & General Insurance Company, liability insurer of William M. Baker, J. B. Elkins and his liability insurer, Marathon Insurance Company for automobile damage in the amount of $788.-95 from an accident which occurred on I-20 in Bossier City, Louisiana, between the Traffic Street exit ramp and the Traffic Street entrance ramp. Prior to trial William H. Self died and his surviving spouse, Mrs. Ora Lee Stephens Self and son, William Henry Self, Jr., were substituted as plaintiffs.
It was stipulated that damage to the automobile amounted to $600. The trial court found that Traders & General Insurance Company did not provide liability coverage and the suit was dismissed as to that company. Judgment was awarded plaintiffs against defendants George J. El-tife and Fidelity & Casualty Company of New York, in solido, rejecting plaintiffs’ demands against J. B. Elkins, W. C. Chap-pel and Marathon Insurance Company. Defendants did not plead contributory negligence by plaintiff Henry Self, Jr., and it is conceded that he was not at fault.
There are two versions of the accident; therefore, the only issue is the credibility of the witnesses. It was established that at the point of 1-20 where the accident occurred there are three eastbound lanes for traffic and on the south side or right facing east there is a blacktop area or lane wide enough for an automobile to travel in an emergency.
On March 11, 1968 at about 1:30 P. M., W. C. Chappel, was driving a 1963 tractor-trailer truck owned by J. B. Elkins. He entered 1-20 going east at Hearne Avenue in Shreveport with the intention of leaving 1-20 at the Old Minden Road in Bossier Parish. The area was wet and it was misting rain. Chappel testified that he entered the center lane of the highway and continued in that lane until he arrived at the point that Traffic Street exits 1-20. After passing the Traffic Street exit he observed no traffic in the outside or south lane, and switched on his right turn indicator lights and passed into that lane. Some 400 yards east of the Traffic Street exit to 1-20 is the Traffic Street entrance where there is an island with a concrete curb extending across the blacktop lane on the right. Chappel testified that after entering the south or right concrete lane he turned off his signal lights, traveled about one and one-half blocks when a Toyota automobile on his right struck the front fender and bumper of his truck. The Toyota then crossed 1-20 in front of him and struck the Chevrolet driven by William Henry Self, Jr. in the north lane, after which both cars traveled east along the rail approximately 276 feet in contact.
Defendant, George J. Eltife, testified that he was driving a 1967 Toyota owned by William Baker, who was riding with him. He entered 1-20 at Spring Street, proceeded east about 40 to 43 miles per hour and first saw the truck driven by Chappel about one and one-half blocks west of the point of impact. At that time *851 Eltife was in his right or south lane and the truck was in the middle lane going about 35 miles per hour. He proceeded to overtake the truck and when he was about even with the rear of the cab the truck driver engaged his turn indicator and began turning into the right lane or the lane in which Eltife was traveling. Eltife testified that he began applying his brakes but released them because of the rain, and thought the turn indicator on the truck was a signal for him to go on but the truck continued to enter his lane of travel and wedged Eltife’s vehicle between the truck fender, bumper and the island. He testified that his left fender and bumper were struck by the truck causing him to lose control after which his car continued across 1-20 striking the car driven by William Henry Self, Jr. William Baker’s testimony substantially corroborates that of El-tife’s. The only other witness to the accident was William Henry Self, Jr., who was driving the Chevrolet east in the north lane of 1-20. Self stated he did not pay a great deal of attention to traffic on his right and that all at once he saw the Toyota appear on his right side and strike him, forcing his car against the rail after which the two cars proceeded along the rail until they came to a stop.
The investigating officer, Daniel R. Turnley, testified that he found tracks of the Toyota on the blacktop emergency lane leading onto the island and that a small portion of the bumper of the truck was pulled outward or forward with a small dent in its fender.
The trial court accepted the version of the accident given by W. C. Chappel to be the more reasonable, reasoning that damage to the bumper indicated that Eltife’s car passed in front of the truck and that the distance traveled after impact showed it was traveling at a high rate of speed. The court also concluded that if the truck had struck the Toyota and forced it onto the island as testified by Eltife, it would have been propelled to the right of the highway instead of across and in front of the truck. The court found that a preponderance of the evidence revealed that the accident was caused by the negligence of George J. Eltife.
In our opinion the trial court’s factual determinations should not be disturbed upon a review in the absence of manifest error. Sweazie v. Haley, La.App., 219 So.2d 560 (3d Cir. 1969); Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43 (1955).
We find no error in the trial court’s conclusions; therefore, the judgment is affirmed.