FRUGÉ, Judge.
The plaintiff, father of two minor sons, has sued personally and in a representative capacity for damages resulting from an accident involving the two boys. The incident occurred on February 4, 1970, at approximately 7:30 a. m. in Calcasieu Parish on Highway 379 or what is commonly called the Old Spanish Trail. Involved therein were the defendant, Mr. McCulley, and the children of the plaintiff, Hilton Joseph, Sr. Immediately prior to the accident, the defendant was traveling East on this highway at about 40 miles per hour in an effort to get to work. The two sons of the plaintiff were also traveling East on a bicycle. Just beyond the Prater Road intersection, the automobile of the defendant struck the bicycle carrying the two boys, resulting in certain injuries and damages to both. The trial court found for the defendant, stating that Mr. McCulley was not negligent in the court’s estimation, and even though it assumed there was negligence, the record indicated contributory negligence on the part of the two boys. We agree.
We think this suit is to be determined solely on the factual questions concerning the actions of the plaintiff and defendant.
Hilton Joseph, Jr., and Gilbert Joseph, ages 12 and 14 respectively, were traveling down the Old Spanish Trail on the morning in question for the purpose of attending school. Testimony by both indicates that Gilbert, the older, was riding on the rear portion of the “banana seat” of the bicycle. Gilbert stated that he turned around at one time and noticed the defendant’s red car approaching. He notified his younger brother of such and within a short while, Hilton, Jr. turned and also noticed the red car coming toward them. Almost immediately thereafter, the accident occurred.
In the deposition taken of Hilton Joseph, Jr., the boy stated that they normally drove their bicycle on the highway except when they noticed a car approaching. He stated *839 that on the morning of this accident, he veered the bicycle off the highway and onto the shoulder, after seeing the defendant’s car approaching. As to the time of the accident, Hilton, Jr. stated in his deposition that he “thinks” that the bicycle was on the shoulder at the time of impact. Gilbert, the older brother, stated that the bicycle was definitely on the shoulder, approximately nine inches from the pavement when the collision occurred.
Mrs. Asaline Vincent, who lived in a trailer situated behind Vincent’s Esso Station, which station was almost immediately in front of the location where the accident occurred, stated that she was an eyewitness to the collision. She stated that at the time of the impact the two boys were riding on the shoulder of the road and were not on the pavement. However, she did not notify the investigating State Trooper nor the defendant of her alleged witness of the accident. Of even greater significance in lessening the probative value of her testimony is the number of her statements made that border on contradiction. Her testimony we find filled with many ambiguities. She has testified that she saw the car of the defendant approximately twelve feet before it struck the bicycle of the plaintiffs. She also stated that she heard the brakes of the defendant’s car as he attempted to stop before the collision. What seems confusing, however, is her assertion that the defendant McCulley applied his brakes just as he was colliding with the bicycle of the Joseph children. In practically the same sentence, she states that she looked up from the window as she heard the brakes being applied by the defendant, thereby implying that she saw nothing but the actual impact. It seems to this court that Mrs. Vincent would have had much difficulty in determining the actual location of either the car or the bicycle from thfe facts as she alleges them to be.
Miss Carolyn Martin and Miss LeEtta Sims also testified at the trial. They were traveling on the Old Spanish Trail in a westerly direction on their way to a local school, at which place they were employed as teachers. Both stated that they passed two boys, and that the children were riding on the shoulder of the highway at the time of their passing. The car, which Miss Martin was driving, then slowed in preparation for a left turn on Prater Road. Both testified that coming North on Prater Road was the car of the defendant, and that said car took a right turn on the Old Spanish Trail and immediately thereafter struck the children. Both of the Joseph children, as well as the defendant Mc-Culley, have testified emphatically that the defendant was traveling in an easterly direction on the Old Spanish Trail and was never on the Prater Road. This would seem to somewhat discredit the testimony of the two school teachers. In any event, both have admitted that they did not actually witness the collision of the two vehicles. All they have stated that would add support to the plaintiff’s case was that they did see the children on the shoulder of the road as they passed them.
In his defense, Mr. McCulley testified that he was traveling down Highway 379, the Old Spanish Trail, on his way to work that morning. He stated that the car carrying the two school teachers was approaching and traveling in a westerly direction. He noticed the two boys traveling on his side of the road and slowed his car to approximately 30 miles per hour in an attempt to allow the car of Miss Martin to pass the children so that he could veer into the left lane of traffic in an effort to pass the bicycle. He states that just after the car Miss Martin was driving bypassed the bicycle, he veered his car to the left in a passing maneuver. At this time, he states, the driver of the bicycle made a 90° turn to the left onto the pavement and actually struck his car. To substantiate this allegation, the defendant submitted an exhibit in the nature of a picture showing a dent in the right front area on the side of the front fender of his car at which place he alleges the bicycle of the Joseph children struck the automobile. It was also shown that the bicycle of the *840 children was not struck in the rear, but was rather hit somewhere in the vicinity of the front fender or wheel. It would seem hard to visualize the car of the defendant riding on the shoulder of the highway in question and striking the bicycle when this car did not hit the rear portion.
More substantiation to Mr. McCulley’s testimony was gained through the statements of Mr. Robert Hyberger. Mr. Hy-berger came upon the accident approximately five minutes after the collision. He has stated that Mr. McCulley at that time was on the road applying a “press” to the head of one of the Joseph children who was lying approximately two to three feet in the East lane of traffic on the pavement of the highway. He stated also that the car of the defendant was located on the West lane of traffic facing East or Northeast, and that there were skid marks immediately behind the defendant’s vehicle. Although he did not actually see the accident, his testimony would tend to verify the story as given by the defendant, Mr. McCulley.
We have summarized the testimony of the witnesses in order to justify the determination of facts as found by the trial judge. The liability of the defendant was was dependent upon his alleged negligence, and the lack of contributory negligence of the Joseph children. After a review of the record, we have decided that the trial judge committed no manifest error in his finding that Mr. McCulley behaved in a prudent manner, and that assuming that he did not, the Joseph children were also negligent in that they did veer onto the pavement and were struck because of their improper maneuver.
As a kind of alternative prayer the plaintiff seeks to have this case remanded to the trial court for additional evidence to be supplied by the police officer who investigated the accident. After judgment, the plaintiff moved for a new trial alleging surprise resulting from Mr. Hy-berger’s assertion that he saw skid marks behind defendant’s car. Plaintiff states that the police officer is able to refute this allegation. There is no showing that this evidence could not have been obtained by plaintiff at the time of the trial; for that reason, the trial court did not err in refusing to grant a new trial. See LSA-C.C.P. Articles 1972 and 1973; Rule VII, Uniform Rules — Courts of Appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs are to be borne by the plaintiff-appellant.
Affirmed.