SARTAIN, Judge.
This is an appeal by Maynard John Fir-min who seeks damages individually and as the administrator of the estate of his minor son, Michael Shane Firmin, for personal injuries sustained by young Firmin who collided with a school bus while riding a bicycle. The defendants are Julia B. Brown, driver and owner of the bus involved in this collision, her employer, the West Baton Rouge Parish School Board, and that school board’s insurer, the Hanover Insurance Company.
The record indicates that on October 22, 1969, at approximately 3:15 o’clock p. m., Michael Firmin, age nine, and at least two other children of comparative ages were riding their bicycles in a southerly direction on Louisiana Highway 413 which is an asphalt surfaced two lane road located near Erwinville in the Parish of West Baton Rouge. The three boys were riding from a nearby grocery store toward the home of young Firmin which was also situated on Highway 413. As they came within several hundred feet of the intersection of that highway with a small perpendicular roadway called Balis Lane, they were passed by an automobile and behind it, a gravel truck, which were also traveling in the same direction and in the same lane in which the boys were proceeding. As the gravel truck passed, it appears that the children got into the roadway behind it and began to ride after it with Michael Firmin in the lead. The automobile and truck apparently observed the school bus ahead and reduced their speed in response to the warning signals on the bus. Neither vehicle was forced to completely stop as the bus was underway again when they reached it. The testimony reflects that young Firmin was pedaling his bicycle as fast as he could and was oblivious to the school bus approaching him from the opposite direction in its north bound lane. As the truck slowed down for the bus, he (Firmin) overtook it and to avoid running into the rear of the truck, he cut abruptly to his left and into the path of the bus.
Mrs. Brown, an experienced school bus driver stated she had just completed the delivery of her passengers for that day and had entered onto Highway 413 from Balis Lane to pick up her son and a friend who were waiting for her on the east side of that highway. These two had been dropped off by their own school bus at that point and, as they did daily, were waiting for Mrs. Brown to take them home at the end of the school day. She turned left onto Highway 413, completed her turn, and then stopped her bus for the boys. She activated her flashing warning signals and other devices on the vehicle in the usual manner and the children boarded. Her son, Dan Newsom, took the first seat *671 directly behind her and his companion, Floyd Bovais, occupied the first seat on the right hand side of the bus.
She then began to move away from that point in low gear and, in the same movements, turned off the various warning devices. After having traveled approximately one hundred feet at a speed of seven or eight miles an hour and while still in low gear, the Firmin youth suddenly appeared from behind the oncoming gravel truck and collided with her vehicle. She testified that she initially saw the youth on their bicycles as she stopped at the intersection of Balis Lane and Highway 413 and that they were, at that time, a distance of approximately one-quarter mile away. She stated that she also saw them when she stopped to pick up the two riders and that she noticed them again after having traveled approximately one-half of the distance before the accident occurred, or about fifty feet. When she saw them last, they were on the shoulder of the south bound lane allowing traffic to pass. At this point, certain traffic, consisting of at least one automobile and the gravel truck, began approaching her in the south bound lane and she lost sight of the children behind the truck. In the next instant, the gravel truck passed on her left and young Firmin appeared from behind it. She stated that she applied her brakes, which immediately stopped her due to her slow speed; she speculated that even had the bus not been moving, that the boy would have' hit her anyway.
Officer Russell Malain of Troop A of the Louisiana State Police conducted an investigation of the accident. Upon arriving at the scene, the bus and bicycle had been removed and there was no debris on the roadway; however, the point of the accident was indicated to him by one of the other children riding with the Firmin youth. He testified that the only evidence of significance to be found was some six feet of dual wheel skid marks located on the right side of the north bound lane. Due to the length of those marks, he affirmed that Mrs. Brown’s estimate of her seven to eight mile an hour speed at the time of the accident was correct.
In Tate v. Hill, La.App., 197 So.2d 107 (1967, writs refused) and Amacker v. Kirby, La.App., 224 So.2d 18 (1969, writs refused), we reviewed in detail the jurisprudence relative to incidents involving a vehicle and a young child. It suffices here to say that a motorist is held to a high degree of care when children are known to be or should be observed near a thoroughfare. Each of the cases cited therein, of course, turned on a particular set of facts. In Tate we held that the doctrine of last clear chance was applicable because the offending motorist had failed to take proper precautionary action after observing that the child was moving towards the highway to a position of impending peril. The facts therein are distinguishable from those in the case at bar because here, young Fir-min was in a position of safety and his movement appeared safe to the bus driver.
In Amaoker, in affirming the decision of the trial judge, we concluded that both the youthful cyclist and the motorist were guilty of negligence. The negligence of the youth consisted in her turning abruptly into the path of the motorist. The motorist was held to be negligent for his failure to observe the cyclist. Again, the facts therein are distinguishable from those in the instant matter because Mrs. Brown observed young Firmin and was traveling at a speed not in excess of eight miles per hour and had her vehicle under complete control. She had only traveled fifty feet before she lost sight of Firmin and then because he was immediately behind the truck. She was able to stop her bus within six feet. Under these conditions, we do not hold her to be negligent.
We choose to resolve this issue on the absence of negligence on the part of Mrs. Brown rather than express ourselves as to any aspect of contributory negligence on the part of plaintiff’s son.
*672 Accordingly, for the above and foregoing reasons, the judgment of the District Court is affirmed at appellant’s costs.
Affirmed.