LOTTINGER, Judge.
This is a suit for damages when a five year old, Mark Rayburn, who was riding a bicycle, ran into an automobile driven by Joseph C. Martin, III, the son of Joseph C. Martin, Jr., the defendant herein. The Lower Court held in favor of the defendant and dismissed the petitioner’s suit, the petitioner has appealed.
We quote from the decision of the Lower Court:
“Plaintiff seeks damages individually, and on behalf of his minor son, Mark Rayburn, as a result of an accident of January 4, 1972. Mark, who was six at the time, and one of his friends were riding their bicycles in an easterly direction on the right-hand edge or ‘gutter’ of Glen Oaks, near the point where Ash Street forms a ‘T’ intersection with Glen Oaks. Defendant driver, Joseph Martin, III, was also proceeding east on Glen Oaks; the witness, James Dean, *28 was driving about two car lengths behind Martin. About a hundred yards west of the point of collission, Glen Oaks makes a slight curve to the right. As Martin and Dean approached the curve they were going thirty to thirty-five miles an hour. They saw the two boys apparently at about the same time because both reduced speed to about twenty miles per hour and pulled over into the left lane. The boys were both pedaling their bicycles ‘standing up’ rather than sitting on the seats. They were, however, proceeding in a straight course and gave no indication that either intended to do anything except go straight ahead. Before Martin got alongside the boys he blew his horn, whereupon one of the boys looked back and veered off .to the right, and young Rayburn, without looking, turned abruptly to the left. Martin applied his brakes and pulled further to the left, striking the left curb; as he performed this maneuver, Mark Rayburn’s bicycle collided with the side of the right front fender of the Martin vehicle.
The issue in this case is resolved on the absence of negligence on the part of the defendant driver.
This Court has considered the facts of this case in the light of the legal principles announced in the cases of Firmin v. Brown, 264 So.2d 669 (La.App. 1st Cir., 1969); Tate v. Hill, 197 So.2d 107 (La. App. 1st cir. 1967); Amacker v. Kirby, 224 So.2d [18] 21 (La.App. 1st cir. 1967) and the cases cited therein.
While the jurisprudence places a high duty of care upon persons operating automobiles in the vicinity of small children, drivers are not insurers against all accidents wherein children are injured. Each case must turn upon its own particular facts.
In applying the legal principles above cited to the facts of this case, the following facts and considerations were deemed by this Court to be important.
The cyclist was traveling in a straight course and not weaving; he did not appear to be in any difficulty. The two boys had been traveling immediately adjacent to the curb. The driver observed them as soon as he could have, i. e., at about one hundred yards, when he came around the curve. When he saw them, he reduced his speed to twenty miles per hour (the same slow speed that the law requires of drivers in school zones) ; he continued to observe the boys and pulled completely into the left lane to allow plenty of room for them, and before reaching them he blew his horn. At this point, young Rayburn turned sharply to his left; the driver then applied his brakes and pulled further to the left, striking the left curb; the bicycle hit the car. It is submitted that had Martin been going five miles per hour or even had he been stopped at the moment of the accident, the bicycle would have still struck the car.
The facts of this case are distinguishable from those cases where drivers have failed to observe young children or have failed to take every reasonable precaution when seeing them.
For these reasons, judgment is rendered in favor of defendant, Joseph C. Martin, Jr., individually and as administrator of the estate of his minor son, Joseph C. Martin, III, and against plaintiff, Donald R. Rayburn, Sr., individually and as administrator of the estate of his minor son, Mark A. Rayburn, dismissing plaintiff’s petition at his costs.”
In Firmin v. Brown, 264 So.2d 669, this Court said:
“In Tate v. Hill, La.App., 197 So.2d 107 (1967, writs refused) and Amacker v. Kirby, La.App., 224 So.2d 18 (1969, writs refused), we reviewed in detail the jurisprudence relative to incidents involving a vehicle and a young child. It suffices here to say that a motorist is held to a high degree of care when children are known to be or should be ob *29 served near a thoroughfare. Each of the cases cited therein, of course, turned on a particular set of facts. In Tate we held that the doctrine of last clear chance was applicable because the offending motorist had failed to take proper precautionary action after observing that the child was moving towards the highway to a position of impending peril. The facts therein are distinguishable from those in the case at bar because here, young Firmin was in a position of safety and his movement appeared safe to the bus driver.
In Amacker, in affirming the decision of the trial judge, we concluded that both the youthful cyclist and the motorist were guilty of negligence. The negligence of the youth consisted in her turning abruptly into the path of the motorist. The motorist was held to be negligent for his failure to observe the cyclist. Again, the facts therein are distinguishable from those in the instant matter because Mrs. Brown observed young Firmin and was traveling at a speed not in excess of eight miles per hour and had her vehicle under complete control. She had only traveled fifty feet before she lost sight of Firmin and then because he was immediately behind the truck. She was able to stop her bus within six feet. Under these conditions, we do not hold her to be negligent.
We choose to resolve this issue on the absence of negligence on the part of Mrs. Brown rather than express ourselves as to any aspect of contributory negligence on the part of plaintiffs son.”
The Lower Court based its decision on the holding of the Firmin case.
We do not feel that the Lower Court committed manifest error in holding young Martin to be free of negligence and, accordingly the judgment of the Lower Court will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Affirmed.