DOMENGEAUX, Judge.
This is a tort action for damages resulting from an automobile accident between a 1977 Oldsmobile owned by Joseph Thibo-deaux and being driven by his minor son, Joseph Bryan Thibodeaux, and a 1974 Ford pick-up truck owned by Hulin Marble & Granite Works, Inc., (Hulin), and being driven by its employee, William Gachassin.
Joseph Thibodeaux, for himself and his minor son, filed suit against Hulin and Ga-chassin. Defendants answered and reconvened, and Motors Insurance Corporation, the collision insurer of the Thibodeaux vehicle intervened against defendants seeking recovery of the sum of $3,943.51, the amount paid Thibodeaux for vehicle collision damages.
Following trial, judgment was rendered in favor of plaintiff for the sum of $12,-295.59. Intervenor was awarded the sum of $3,943.51. Defendants’ reconventional demand was rejected. Defendants have appealed the district court judgment.
The facts show that on June 14, 1978, plaintiff’s minor son, Joseph Bryan Thibo-deaux, was proceeding in the 1977 Oldsmobile in a southerly direction on Highway 182, near the city of Lafayette. At the same time, defendant Gachassin was proceeding in a northerly direction in the 1974 pick-up truck on the same highway. The accident occurred when Gachassin attempted a left turn and was struck in the rear passenger side by the Thibodeaux automobile.
Defendants (plaintiffs in reconvention) make four assignments of error contending that the trial judge erred:
(1) in failing to find that Joseph Bryan Thibodeaux had the “last clear chance” to avoid the accident;
(2) in failing to find Joseph Bryan Thibo-deaux contributorily negligent;
(3) in refusing to accept expert testimony as to the speed of the Thibodeaux automobile; and
(4) in making an excessive award for general damages.
LAST CLEAR CHANCE
Defendants contend that the trial judge erred in rejecting their reconventional demand because Joseph Bryan Thibo-deaux had the “last clear chance” to avoid the accident.
The trial judge found as a fact that the cause of the accident was defendant Ga-chassin’s negotiating a left hand turn into a private driveway without ascertaining that it was safe to do so. In order for the doctrine of “last clear chance” to apply, plaintiffs in reconvention had to prove that the Thibodeaux youth discovered Gachas-sin’s danger and could have reasonably avoided the accident. Price v. Watts, 215 So.2d 187 (La.App. 3rd Cir. 1968). Thibodeaux testified that he hit his brakes when *138 Gachassin turned in front of him but was unable to avoid the collision. Our examination of the record does not suggest error on the part of the trial judge in her finding that young Thibodeaux did not have the last clear chance to avoid the accident. There is ample evidence in the record to support the proposition that “last clear chance” is not applicable in this case.
CONTRIBUTORY NEGLIGENCE
Defendants contend, in the alternative, that assuming Gachassin was negligent in turning left, young Thibodeaux was contributorily negligent in driving at an excessive rate of speed.
The Thibodeaux youth testified that he was traveling at approximately 55 miles per hour prior to the accident. The posted speed limit was 55 miles per hour. The trial judge, in finding for plaintiff, apparently accepted the testimony of Thibodeaux as credible.
In support of their contention that Thibo-deaux was traveling at an excessive rate of speed, defendants offered the testimony of Dr. Stephen Killingsworth. Doctor Kill-ingsworth, a mechanical engineer, testified that assuming the Thibodeaux vehicle had left skid marks of 174 feet, it would have been traveling at a speed between 64 and 72 miles per hour.
However, the investigating officer, Gill Arceneaux, testified that the length of the skid marks left by the Thibodeaux vehicle were approximately 40 paces long. He estimated the length of each pace to be 2.5 feet. The skid marks, according to the officer’s measurements, would be approximately 100 feet in length. Since Doctor Kill-ingsworth computed the speed of the vehicle on the basis of skid marks 174 feet in length, the trial judge did not err in rejecting his testimony as to the speed of the Thibodeaux vehicle. An examination of the record does not reveal that the trial judge was manifestly erroneous in failing to find Thibodeaux contributorily negligent. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
GENERAL DAMAGES
Defendants contend that the $12,-000.00 award for general damages sustained by Joseph Bryan Thibodeaux is excessive.
Civil Code Article 1934(3) provides that, in the assessment of general damages, “much discretion must be left to the judge or jury”.
In Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), the court stated:
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence.” [Citations omitted]
In Reck v. Stevens, 373 So.2d 498 (La.1979), the court stated:
“Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case.”
The court went on to add:
“Thus, the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s ‘much discretion,’ ... in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, or insufficient. Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco *139 for purposes of then determining what would be an appropriate award for the present case.” [Citations omitted]
In this case, the record reveals that a substantial impact resulted from the collision, and young Thibodeaux was thrown into the windshield.
On June 14,1978, the day of the accident, plaintiff was examined by Dr. C. Barrett Alldredge. Doctor Alldredge found swelling and bruising of the face, a prominent hump on top of plaintiff’s nose, and a deviated septum causing airway problems. X-rays revealed a nasal fracture which caused the septal deviation. Doctor Alldredge testified that a surgical reconstruction would be required to straighten plaintiff’s nose and correct the septal deviation.
Plaintiff was examined by Dr. Joseph Burley on June 15, 1978, three days after the accident. Plaintiff complained of pain in his neck, chest and nose. Doctor Burley found tenderness in the neck and upper chest area. Doctor Burley prescribed analgesics to relieve the pain. Plaintiff was discharged on June 20,1978, by Doctor Bur-ley.
Plaintiff testified that as a result of the accident he suffered injuries to his nose, neck, shoulder, knee and back. Plaintiff has difficulty breathing through one side of his nose because of the deviated septum. Plaintiff has had recurring headaches since the accident. Plaintiff also testified that he continues to suffer pain in his neck and back on occasions. As a result of the nasal fracture, it will be necessary for plaintiff to undergo an operation to reconstruct his nose.
An examination of the particular facts of this case does not reveal that the trial judge abused her “much discretion” in awarding $12,000.00 in general damages.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendants-appellants.

AFFIRMED.