421 So.2d 418 (1982)
Catherine FUSILIER, et al.
v.
CITY OF HOUMA, et al.
No. 82 CA 0097.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*419 Kerry E. Shields, New Orleans, for plaintiffs and appellants.
Joseph L. Waitz, Houma, for defendants and appellees.
Before COVINGTON, LEAR and LANIER, JJ.
COVINGTON, Judge.
Plaintiffs, Catherine Fusilier, individually and on behalf of her minor children (Alana, Angela, and Katherlyn Verrett), and Herbert Mitchell, individually and on behalf of his minor child (Morris Mitchell), have devolutively appealed the judgment of the trial court in favor of the defendants, City of Houma, Charles Farmer (in his capacity as Chief of the Houma City Police Department), and Theodore J. Naradovy (a police officer for the city of Houma, dismissing the plaintiffs' petition for damages. We affirm.
This suit arises out of an accident on May 31, 1980, involving one of the defendants, Naradovy, allegedly caused when the police officer backed his police unit into the four minor children as they were riding their bicycles, two children on each bike, on Senator Circle in the City of Houma, Louisiana. The police unit had just arrived on the scene moments before as assisting unit for other officers investigating a disturbance in the immediate area. While Naradovy and his partner, Officer Donna Clenney, were still in the parking area, they were ordered by the shift commander to investigate another disturbance in the neighborhood. It was as they were leaving the parking area that their vehicle was involved in the collision with the bicycles. Both police officers said that the police unit was being operated in a careful manner and had stopped backing up preparatory to proceeding forward, when the two bikes, one right after the other, ran into the rear of the police vehicle. The impact was slight, and only one of the children on the bicycles indicated an injury.
We believe that the issue in the instant case can be resolved on the absence of any negligence on the part of the driver of the police vehicle, but we will also express ourselves as to certain aspects of contributory negligence on the part of the children inasmuch as the trial court based his decision primarily on that issue.
There are several well-established rules of law which are applicable in the case at bar. A motorist is held to a high degree of care when the presence of children near *420 a roadway is known to or observed by him; or, if not observed, could have been through proper diligence. Nevertheless, the law does not make him an insurer of the safety of such children. Keel v. Thompson, 392 So.2d 713 (La.App. 3 Cir.1980). Also a child of the ages of these children (ten, fifteen, and two were thirteen), possessed of normal intelligence, has reached a point in age, growth, and judgment which subjects the child's actions to the scrutiny of a charge of contributory negligence. Amacker v. Kirby, 224 So.2d 18 (La.App. 1 Cir.1969), writ refused, 254 La. 794, 226 So.2d 922 (1969). Each case, of course, must turn on its own particular set of facts. Firmin v. Brown, 264 So.2d 669 (La.App. 1 Cir.1972).
In applying the legal principles set out above, the following facts and circumstances were considered by us to be important to a decision of this case. A crowd had gathered in the immediate area of the parking place. At the time, some of the street lights were out and it was between 8:30 and 9:00 p.m. o'clock, so the area was dark. The police officers, responding to another call, had entered their unit and proceeded to back up with both officers looking to see if the way was clear. As the driver of the vehicle stopped his backward movement, two "thumps" were heard by the officers. As the police officers testified, after getting out of the police car, they discovered the children and bicycles on the ground. While their testimony differs from that of the children, the trial court accepted the officers' version of the incident.
Other circumstances include the absence of lights on the bicycles (there were reflectors) and two riders on each bicycle. Furthermore, while the children admitted seeing the police car in their path, they made no attempt to stop, as they said, they believed the police car was going to turn instead of proceeding directly back as it did. Additionally, at the time of the accident Katherlyn was ten years old, Morris and Alana, thirteen, and Angela, fifteen, all of sufficient age to appreciate the risks of riding an unilluminated bicycle at night near a car in motion. The trial judge found each child to be intelligent and fully capable of recognizing the dangers of his or her acts on this occasion, and thus capable in law of being contributorily negligent.
We have briefly summarized the testimony of the witnesses in order to justify the determination of facts as found by the trial court. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The liability of the defendants was dependent upon Naradovy's negligence and the lack of contributory negligence of the children. After a review of the record, we are satisfied that the trial judge committed no manifest error in his findings of fact. Assuming that the police officer was negligent in his backing maneuver, the children were also negligent in the manner in which they were riding the bicycles under the circumstances of this case. We find that they ran into the rear of the police unit because of their improper maneuvers and failure to see what they should have seen. Joseph v. Allstate Insurance Company, 256 So.2d 837 (La.App. 3 Cir. 1972).
The case at bar is distinguishable from cases where the court found that the motorist had the last clear chance to avoid a collision with a child on a bicycle who had been observed by the motorist in a position of peril on a roadway while the motorist was yet a considerable distance away; e.g., Dufrene v. Dixie Auto Insurance Co., 373 So.2d 162 (La.1979). In the instant case, Naradovy had no last clear chance; while he was preparing to move forward, after completing the backing maneuver, the bicyclists ran into his vehicle. In any event, by the time he could have observed the children on the bicycles in a perilous position, it was much too late for the accident to be avoided. Moreover, the facts of the present case are distinguishable from those cases where motorists have failed to observe children in the vicinity of a thoroughfare, or have failed to take the necessary reasonable precautions upon observing the children.
Accordingly, for the above and foregoing reasons, the judgment of the district court is affirmed at the costs of appellants.
AFFIRMED.