DOMENGEAUX, Judge.
This appeal concerns itself with a left turn vehicular accident which occurred on June 16, 1969 at approximately 8:55 A.M. The vehicles involved were a 1962 International five-ton tractor truck to which was attached a Trailmobile Trailer, owned and being operated by plaintiff-appellant, and a 1962 Dodge % ton pick-up truck owned by defendant-appellee, Louisiana Department of Highways, and being driven by its employee, George Ivan Randall. The Highway Department vehicle was insured for liability by Travelers Insurance Company.
The accident occurred on U. S. Highway 84 a short distance west of Jonesville in Catahoula Parish, Louisiana. The highway is of a two-lane hard surface construction, with gravel shoulders, runs generally east and west at and near the site of the accident, and the center thereof has a painted dividing line.
Randall, who was traveling west, in his proper lane, commenced a left hand turn into the driveway of the Garan Garment factory, at which time the plaintiff, driving his afore-described vehicle, also traveling west, was in the process of overtaking the defendant vehicle. The plaintiff tractor truck struck the defendant pick-up truck in the left, or overtaking lane, causing both vehicles to come to rest in the ditch on the south side of the highway, resulting in physical damages to plaintiff’s trailer.
Plaintiff sued for property damages to his Trailmobile Trailer. The parties stipulated that plaintiff’s damages amount to the sum of $2,700.00. After trial on the merits, the District Judge held that the accident was caused by the joint negligence of plaintiff Wilson and defendant’s driver Randall, and ordered plaintiff’s suit dismissed at his costs.
Plaintiff has appealed to this court and the issues before us are three-fold: 1) Plaintiff’s negligence; 2) the contributory negligence of the Highway Department’s driver Randall; and, 3) whether the trial judge erred in not applying the last clear chance doctrine to the facts herein.
It was shown that the Highway Department had scheduled certain road work in front of the Garan Garment factory alongside and south of said U. S. Highway 84 *67 for June 16, 1969 and that said work necessitated the use of a large Grade All crane type motor vehicle. The Grade All was located at Ferriday, Louisiana some IS miles east of Jonesville and it was necessary, on the morning of the accident, that Randall drive to Ferriday in the aforementioned pick-up truck to take the Grade All operator to the site so that the operator could drive it back to the area of the Gar-an factory for the work to be performed.
Mr. Randall testified that the operator drove the Grade All westerly on the referred to highway all the way back to the site of the anticipated road work and that he (Randall) had followed the Grade All in the pick-up truck; he described the Grade All as a large vehicle, much taller than the pick-up, and stated that the Grade All had its flashing dome light on, together with his left turning blinkers, and that as the Grade All reached the site of the Gar-an factory, traveling not over 10 miles per hour at the time, and after giving the left blinker signal, turned left into the driveway. He testified that he had been following the Grade All behind by some 50 feet and that as the Grade All turned left, he also gave his left-hand blinker signal and upon reaching the driveway, also turned left. He further testified that he had seen the plaintiff vehicle to his rear as they had proceeded westerly. The rest of his testimony was generally to the effect that from the last time that he had seen the plaintiff vehicle behind him, to the time that he commenced his left turn, some thirty seconds had elapsed. In effect he had not checked to see where the plaintiff vehicle was situated when he began to make his left-hand turn. He could have seen plaintiff’s vehicle in the passing lane had he checked his sideview mirror.
The plaintiff Mr. Wilson testified that he was following the Highway Department pick-up truck and when it became clear, he proceeded to overtake the pick-up. He was traveling approximately 30 miles per hour. He testified that he was in the left or passing lane for some 75 or 100 yards prior to reaching the pick-up truck to pass it, and as he reached the said truck, it began to make the left hand turn. Although he attempted to miss the pick-up truck, he could not. He denies that the operator of the pick-up truck gave any left turning signals and also denies seeing the Grade All. He also denied seeing any “men working” road signs along the highway as he approached the site of the accident.
Robert Garrett, an employee of the defendant Highway Department testified that he was part of the work crew which was dispatched to the area of the Garan factory and that prior to the accident, he had placed three four-foot “Men Working”, orange-amber signs with black letters 500 feet east of the accident site; two on the right or north side of the highway and one on the left or south side of the highway. He also testified that at the time of the accident, he was at the Garan Garment Factory site and observed the accident inasmuch as he was waiting for the Grade All to reach its destination. He testified that the Grade All turned left into the garment factory site and that the pick-up truck was following it and that both vehicles had the left-hand signals working and further, that both the Grade All and the pick-up truck were traveling 10 or 15 miles per hour at the most, immediately prior to making the left turns.
There was testimony generally that various Highway Department employees were congregated at the anticipated work site in front of the Garan factory, off of the highway, prior to, and at the time of the accident. There was also testimony that ' there were other Highway Department vehicles parked off the highway, where the employees were congregated.
Regarding the conduct of Randall, we find that the trial judge was correct in finding him negligent. By his own testimony, he did not check to see where the vehicle behind him was or in fact, if it was there, when he began to make his left turn. He assumed that his left-hand signal *68 had been seen. One anticipating a left turn is under the obligation to keep a continuous surveillance to the rear before making the turn in order to ascertain whether the left turn can be made in safety. According to Randall he only checked the rear of the right lane in which he was traveling, and did not check the passing lane. Had he checked his left side mirror, he would readily have seen the plaintiff’s overtaking vehicle. A left turn should not be made until it can be made with reasonable safety. LSA-R.S. 32:104; Thigpen v. Travelers Indemnity Company, La.App., 201 So.2d 525.
On the question of plaintiff’s contributory negligence, the record amply supports the finding of the District Judge. We cannot say that he was manifestly erroneous in attributing such negligence to plaintiff. The site of the accident was near the end of a curve in the highway; there were warning signs of men working in the area; the defendant’s pick-up truck was following a large Grade All tractor with an overhead lighted dome light which was obviously visible to plaintiff as he was approaching; as plaintiff neared the site of the accident there were Highway Department men and equipment to the south or to his left of the highway, which he should have seen. All of these conditions furnished plaintiff with ample warning that it was potentially dangerous to overtake as he did in this case.
Appellant contends further that certain evidence to establish contributory negligence was admitted in the record, but was not alleged in the pleadings, and consequently should not have been considered by the trial judge. This being reference to the warning signs, the existence of the Grade All on the highway which Randall was following, and the existence of the Highway Department vehicles on the side of the highway. In this connection, the record shows that no objection was made to the admission of this evidence. Under Article 1154 of our Code of Civil Procedure, evidence not objected to at the trial has the effect of enlarging the pleadings. The trial court properly considered this evidence.
Finally, appellant suggests that the trial court erred in not applying the doctrine of the last clear chance. In order to apply the doctrine, three conditions must exist:
1) That plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself;
2) That defendant actually discovered or should have discovered plaintiff’s peril; and
3) That at the time defendant actually discovered or should have discovered plaintiff’s peril defendant had a reasonable opportunity to avoid the accident.
Richard v. Southern Farm Bureau Casualty Insurance Company, La.App., 212 So.2d 471.
Certainly the third element is not present in this case. Plaintiff’s peril from which he could not extricate himself did not become imminent until Randall turned left in front of him. At this time, Randall had no reasonable opportunity to avoid the accident. When Randall turned, the plaintiff’s truck was there, and immediately struck the left-turning vehicle.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be assessed against plaintiff-appellant.
Affirmed.