PETERS, Judge ad hoc.
This is a suit for personal injuries sustained by plaintiffs as the result of their being struck by an automobile driven by defendant, Paulette Ann Credeur, as they attempted to cross Louisiana Highway 1 in Assumption Parish at approximately 7:30 on the evening of December 13, 1969. Judgment was rendered in favor of defendants dismissing plaintiffs’ suit. Plaintiffs have appealed. We affirm.
The accident occurred on Louisiana Highway 1 in front of the Cajun Cafe, a restaurant in Labadieville. Louisiana Highway 1 is a two-lane blacktop highway twenty-four feet in width running generally north and south, and roughly parallel to Bayou Lafourche. The Cajun Cafe is on the eastern side of Louisiana Highway 1, between the Highway and the Bayou.
Plaintiffs, Mr. and Mrs. Will H. Conley, had been traveling from Oklahoma to their home in Houma, Louisiana. It was after dark and they decided to stop for supper at the Cajun Cafe. Mrs. Conley was driving at that time. There were a number of cars parked on the western shoulder of the highway directly in front of the cafe, so Mrs. Conley parked the plaintiffs’ automobile some distance to the south of the restaurant. Plaintiffs left their automobile and then attempted to cross the highway diagonally from west to east at approximately a forty-five degree angle toward the front door of the cafe. According to measurements introduced by plaintiffs, the distance from their automobile to the front door of the cafe was seventy-two feet six inches.
Plaintiffs testified that before crossing the highway, they looked in both directions but did not see any approaching vehicles nor the headlights of any approaching vehicles. Plaintiffs then began walking at a normal pace toward the front door of the cafe, and having started across, they never stopped nor looked again in either direction.
Defendant, Paulette Ann Credeur was traveling in the northbound lane on Highway 1 with two passengers, Diane and Ella Naquin. Defendant testified that she first saw the plaintiffs when they were one or two steps west of the center of the highway. She immediately applied her brakes but the plaintiffs continued across her lane of travel and were struck by her automobile in the northbound lane, as they were nearing the eastern edge of the highway. Miss Credeur’s automobile had nearly stopped at impact and came to rest only a few feet past the point of collision. Neither Mr. nor Mrs. Conley ever saw the Credeur vehicle before impact. Mr. Conley testified that he heard the sound of brakes squealing but was unable to react in time to avoid being struck.
*344 Counsel for plaintiffs in his trial brief to the District Court concedes the negligence of the plaintiffs in walking diagonally across Highway 1 and in failing to see the on-coming Credeur vehicle. However, counsel vigorously argued that Miss Cre-deur had the last clear chance to avoid the accident and invoked this doctrine as the basis for plaintiffs’ recovery.
It is settled law that for the doctrine of last clear chance to apply, three essential elements must be found to exist or to be present: 1.) the party invoking the principle was in a position of peril of which he was unaware or from which he was then unable to extricate himself; 2.) the person against whom the doctrine is pled actually discovered the peril or was in such a position that he should, by the exercise of reasonable care, have discovered the other party’s danger; and 3.) at such time the person against whom the doctrine is invoked could have avoided the accident by the exercise of reasonable care. Wilson v. Louisiana Department of Highways, 254 So.2d 65 (La.App. 3rd Cir. 1971); Dean v. Orgeron, 195 So.2d 150 (La.App. 1st Cir. 1967) ; and Coleman v. Mason, 174 So.2nd 655 (La.App. 3rd Cir. 1965). The trial court dismissed plaintiffs’ demands upon finding that defendant Credeur was confronted with a sudden emergency not of her own making and was free of negligence in that her reaction thereto was that of a reasonably prudent driver under similar circumstances.
Plaintiffs contend that the trial court erred in finding as a fact that Miss Cre-deur could not have reasonably seen the plaintiffs before she did and in its finding that Miss Credeur reacted in a reasonable prudent manner to avoid the accident. Plaintiffs stress that the facts show that there was sufficient lighting for Miss Cre-duer to have seen plaintiffs in enough time to avoid striking them and, secondly, that by simply swerving to the left, she would have averted the accident.
It should be initially noted that the above issues are purely questions of fact. Citation of authority is unnecessary to state that the findings of fact of the trial court are entitled to great weight and will not be disturbed on appeal unless found to be manifestly erroneous.
In his well reasoned written reasons for judgment, the trial judge noted that all the witnesses testified that it was dark at the time of the accident. Additionally, Highway 1 had been recently blacktopped and there was testimony to the effect that a freshly blacktopped highway will absorb light more than an ordinary highway. There were two streetlights on the east side of the highway some 300 feet apart. The accident occurred approximately midway between these lights. The trial court held that the plaintiff was unable to show that the light from these two streetlights was sufficient to illuminate the west side of the highway, the direction from which plaintiffs were walking. Although plaintiffs testified that they could read a sign in a yard on the west side of the highway, all of the other evidence preponderates that the area surrounding the accident was dark. We feel that the testimony and evidence in the record substantiates the trial court’s findings that the area was in substantial darkness and that Miss Credeur could not in the exercise of reasonable care have seen plaintiffs prior to the time in which she did, which was after plaintiffs had entered Highway 1 and were just a few feet from the center of the highway.
Defendant Credeur testified that upon seeing the plaintiffs she immediately applied her brakes. Diane Naquin, a passenger in the right front seat of the Credeur vehicle, testified to the same effect. Miss Credeur testified that she did not swerve to the left in an attempt to avoid striking plaintiffs because there was oncoming traffic. Plaintiffs argue that the nearest car in the opposing lane was 200 yards away and therefore defendant had ample time to *345 swerve to the left and pass around the plaintiffs. The trial court determined that plaintiffs’ arguments in this respect were based purely upon hindsight; that defendant Credeur was faced with a sudden emergency not of her own making, and reacted to the same in a prudent manner.
The law is clear that one who suddenly finds himself in a position of peril, without sufficient time to consider and weigh all circumstances or best means which may be adopted to avoid an impending danger, is not required to exercise such control or degree of care and caution as required of a motorist who has ample time and opportunity for the full exercise of judgment and reason. Dane v. Canal Insurance Company et al., 240 La. 1038, 126 So.2d 355 (1960); and Dean v. Orgeron, supra. To determine if the above doctrine is applicable, we must look at the facts as they appear to the driver under the prevailing circumstances.
When defendant first noticed the plaintiffs, they were still in the southbound lane of travel. Defendant could at that point only speculate as to what plaintiffs might subsequently do. As pointed out by the trial court, if defendant had swerved to her left when she first saw the plaintiffs she might have struck the plaintiffs in the wrong lane of travel. However, plaintiffs continued to cross the highway even though defendant had fully applied her brakes to stop the automobile. Only Mr. Conley heard the sound of the squealing brakes. There is nothing in the record to indicate that Miss Credeur was speeding or driving in a reckless manner.
Defendant Credeur was faced with a situation which required an instantaneous decision. We feel that the facts preponderate that her reaction in immediately applying her brakes were those of an ordinary prudent driver under similar circumstances. To hold that Miss Credeur could possibly have avoided the accident by some other maneuver, such as turning to the left, would be a judgment based merely upon hindsight, made in the seclusion of our chambers nearly two years after the accident. In light of the emergency which presented itself she was not called upon to bear the burden of exercising the cool and calm judgment of which one is capable when no exigency is present. We therefore feel that the doctrine of last clear chance is inapplicable.
Finally plaintiffs argue that the trial court should have followed the appellate court’s decision in Iglesias v. Campbell, 170 So. 265 (La.App. 2nd Cir. 1936). That case involved a similar fact situation wherein the driver of the striking vehicle was held to have had the last clear chance to avoid the accident.
It is axiomatic that each negligence case must be determined on its own fact situation. A reading of the Iglesias case revealed that it is not applicable to the instant situation. There it was found as a fact that the intersection involved was a well-lighted street in the City of Shreveport. But more importantly, the motorist in Iglesias admitted that he did not see the pedestrian until after the impact. The court could only hold in that instance that the driver was negligent in failing to maintain a proper lookout.
Therefore, for the above cited reasons, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.