ROBERT M. FLEMING, Judge Pro Tem.
Alabama Great Southern Railroad Company has appealed from a judgment following a jury verdict’, which awarded damages to plaintiffs on account of the wrongful death of their 13 year old son in a pedestrian-train accident. The primary issues on appeal are the sufficiency of the evidence as to the defendant’s negligence and the applicability of the doctrine of last clear chance.
The accident occurred on a clear, warm Sunday afternoon in the City of New Orleans. The westbound freight train had just crossed the bridge over the Industrial Canal and was headed for the railroad yard about three miles away.
At the point of the accident, about 1,400 feet from the bridge, there were two main tracks, elevated about three feet above grade, and one side track at grade level. The tracks ran parallel to Leon C. Simon Boulevard and Hayne Boulevard and were located in a clear, level area between these streets. Pedestrian traffic between the streets had worn a footpath perpendicular to the tracks. In the area of the path scattered patches of weed ranged up to three feet in height.
As the boy walked the path toward the tracks, the train was approaching on his left. In the engine the conductor, the man in charge of the train, was stationed on the right and the engineer, who operated the controls, was on the left. The conductor (on the side from which the boy was approaching) first saw the boy when the train was 50 to 75 feet from him and immediately shouted at the engineer to blow the whistle. However, the train traveling at 45 miles per hour was virtually upon the boy just as the whistle sounded.
A motorist, traveling on Leon C. Simon Boulevard in the opposite direction from the train, witnessed the accident. When he first saw the boy at a point about 40 feet from the track, the boy was walking slowly and the train was coming through the bridge. He testified that the boy continued to look straight ahead and gave no indication that he saw or heard the train coming until the train sounded its whistle, at which point the train was only about six feet away. He saw the boy attempt to jump back, but it was too late.
The parents described the boy as being in perfect health, with no sight or hearing problems.
The conductor stated that the purpose of his being stationed on the side opposite the engineer was to observe things on that side that the engineer could not see. His duty was to keep a lookout to the front of the engine, as well as observing to the rear and generally checking the train. He was aware of the footpath where the accident occurred and one or two others in the general vicinity.
The engineer’s view to the right was obstructed by his being on the left side of the *373 lead engine. The engineer thus did not see the boy prior to striking him. He testified that he blew the whistle at all public crossings and also at private vehicular or pedestrian crossings if he saw someone approaching. He also testified that he rang the bell continuously in that particular area on weekends, because numerous pedestrians crossed the tracks.
In argument before this court, plaintiffs admit their son was negligent, but argue that defendant’s employees were also negligent and that these employees had the last clear chance to avoid the accident. They argue that the train crew should have blown the whistle earlier and that this would have prevented the accident.
We find, however, that there was no actionable negligence on the part of the train crew. It would be prophetic to say that had the train whistle been blown one second before it in fact was blown the boy’s life would have been spared. The noise of the engines in the locomotive and the ringing of the bell had not alerted the boy. When the whistle was blown the boy jumped back but was his jump the result of the blowing of the whistle or the discovery of his peril by his proximity to the locomotive? Such is too speculative to serve as the basis for actionable negligence.
From the position of the train crew and their ability to control the forward movement of the train, the boy was not in a position of peril, being a pedestrian, until he reached a point at which the engineer was powerless to stop or slow the train to extricate the youth or save him from his own negligence.
For the last clear chance doctrine to apply, the person seeking application of the doctrine must prove (1) that the plaintiff (or in this case plaintiff’s decedent) was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) defendant actually discovered, or in the exercise of reasonable care should have discovered, plaintiff’s peril; and (3) that at the time defendant discovered or should have discovered plaintiff’s peril, defendant could have avoided the accident by the exercise of reasonable care.
The doctrine is not applicable to this case as the defendant was not in a position to avoid the accident. The only possible option to the defendant was to have blown the whistle earlier and we hold that under the facts herein it was not required that they do so.
We therefore conclude that the doctrine of last chance is not applicable in the present case.
Accordingly, the judgment of the trial court is reversed, and it now ordered that judgment be rendered dismissing plaintiffs’ suit. The costs of this appeal are to be borne by plaintiffs.
Reversed.