SAMUEL, Judge.
This suit by a husband and wife is the result of an alleged rear end vehicular collision. She seeks damages for her personal injuries and he seeks recovery for damage to their automobile and for medical expenses. The sole defendant is the corporate owner of the defendant truck which was being driven by one of its employees at the time of the occurrence. Following trial on the merits, there was judgment in *690 favor of the wife in the sum of $3,500 and in favor of the husband in the sum of $600.48.
The defendant has appealed. In this court it contends: (1) the trial court erred in finding an accident had occurred; (2) in the alternative if we conclude an accident did occur, the trial court erred in finding the plaintiff wife had incurred any injuries -as a result thereof; and (3) in the further alternative, the plaintiff driver was guilty of contributory negligence. Plaintiffs have not appealed, nor have they answered the appeal taken by the defendant.
The alleged accident took place on February 20, 1969. Mrs. Winchester was driving her family car toward the river on St. Andrew Street in the City of New Orleans. The defendant truck also was proceeding on St. Andrew toward the river, traveling directly behind the plaintiff automobile. Prior to entering Dryades Street, which she intended to cross, Mrs. Winchester stopped her car in obedience to a stop sign at the intersection of St. Andrew and Dryades.
According to the plaintiff eye witnesses (Mrs. Winchester, her nephew who occupied the passenger side of the front seat, and Ben Perkin, a neighborhood business man who saw the occurrence from across Dryades), the plaintiff car was struck by the defendant truck while the'former was stopped at the stop sign, propelling the car 20 to 25 feet partially on the central neutral ground so that it blocked traffic on the lake side of Dryades. Plaintiffs also testified their automobile, although old, was in good condition prior to the accident and that the collision damaged the rear of the car. The mechanic who made the repairs also testified the damage to the rear appeared to him to be new and not old damage.
According to the defendant driver, after Mrs. Winchester had stopped at the sign she proceeded into the intersection and, without giving any signal that she intended to do so, stopped a second time at the edge of the neutral ground, waiting for the passage of traffic approaching in the other direction on the river side of Dryades. At the time of the second stop he, the defendant driver, was turning his truck to the right to proceed on that side of Dryades and the second stop by the plaintiff car caused him to strike that vehicle on its right rear bumper. He stated the collision was slight, neither vehicle moved any appreciable distance following the impact and, although the rear of the plaintiff car did have some old preexisting damage, neither vehicle was damaged by the minimal impact.
Defendant’s only other witness, the investigating police officer, testified that following his arrival at the scene he was informed by the persons involved in the accident, including Mrs. Winchester, that there were no injuries. He examined the rear of the plaintiff car and concluded the damage thereto was old damage, not caused by the collision. Because there had been no injury and no fresh damage he reported over the radio “no damage, no injury, no accident”. Accordingly, he did not make a written report of the incident.
In support of its first contention, defendant argues the absence of an accident is shown by discrepancies in the testimony of plaintiffs’ witnesses, the testimony of the investigating police officer, and the fact that the trial judge made no award for property damage to the automobile. We do not agree with the contention.
The discrepancies referred to include conflicting testimony regarding the color of the plaintiff vehicle and the number of persons involved in pushing the car from the path of Dryades traffic. Particularly in view of the fact that the automobile was 10 years old and the fact that the trial was held on March 21, 1973, one month more than 4 years after the accident had occurred, such minor discrepancies are to be expected and certainly were taken into consideration by the trial judge.
*691 The same reasoning applies to the testimony of the police officer. In view of the lapse of time it is unlikely he could have been certain about details. Insofar as his radio report of “no accident” is concerned, as we understand the record, the fact that no injury and no property damage was involved, as was his opinion, simply meant that there was no need to write an accident report.
Nor can we conclude from the record that no award for property damage was made by the trial court. There does appear to be a mathematical error in the $600.48 award to the husband, inasmuch as the proven specials include a doctor’s bill of $580.25, the purchase of a cervical collar for $20.48, the cost of repairing damages to the car in the amount of $109.43, and the cost of prescriptions in the amount of $57.55. A part of the last figure ($57.-55) does not appear to be attributable to the accident in suit. We are unable to reconcile these figures, or any combination of them, with the husband’s award. However, insofar as the same reflects on the question of the occurrence of the accident, whether or not the trial judge awarded property damage is immaterial. The plaintiff wife could have been injured without property damage being involved and we are satisfied the husband was entitled to at least the total amount he was awarded. In any event, there can be no question but that a collision did occur; all of the eye witnesses, including the defendant driver, so testified and the police were called to investigate the accident.
Nor do we agree with defendant’s second contention that the wife did not incur any injuries in the accident. As we said in Harney v. Kountz, La.App., 218 So.2d 913, 916, the minimal force of a collision is of no material importance as the same relates to the occurrence or extent of injuries received in such a collision. Here, as was true of the trial judge, the evidence establishes to our satisfaction that there was a collision in which the plaintiff wife was injured. Her physician concluded that as a result of the accident she sustained injuries to the left cheek, the bridge of the nose, the back of the neck and shoulder blades and, in addition, an aggravation of a preexisting injury in the low back region. She was seen by him a total of 41 times, including physical therapy, from February 26, 1969 to June 29, 1969 and on one other occasion on October 24, 1972.
On questions of fact dependent upon the testimony of witnesses, the trial court can be reversed only for manifest error,[1] and here we find no error.
We also conclude the defendant’s third contention, relative to contributory negligence, is without merit. Accepting plaintiffs’ version of the accident, that the plaintiff vehicle was struck while it was stopped in obedience to the stop sign, quite clearly there could be no negligence on the part of its driver. Nor do we find any contributory negligence even if the defendant driver’s version is accepted. As we have pointed out, he stated he struck the rear bumper of the plaintiff vehicle when it came to a second stop to allow the passage of approaching traffic on the river side of Dryades Street. The record reveals the neutral ground is extremely narrow and Dryades is a heavily traveled street. The defendant driver could have, and should have, reasonably anticipated the plaintiff vehicle would be compelled to stop for Dryades traffic on the other side of the neutral ground. Under these circumstances, we are satisfied the accident was caused solely by the negligence of the defendant driver.[2]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Roussel v. Lindsey, La.App., 262 So.2d 516; Naquin v. Van Court, La.App., 222 So.2d 601.

. Malone v. Hartford Insurance Company, La. App., 239 So.2d 697.