296 So.2d 370 (1974)
Ernest MONES and Leona Hook Mones
v.
Haven WALTON and Liberty Mutual Insurance Company.
No. 5671.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearing Denied July 3, 1974.
Writ Refused September 20, 1974.
Evangeline M. Vavrich, New Orleans, for plaintiffs-appellants.
Robert Henry Sarpy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Before GULOTTA and BOUTALL, JJ., and WICKER, J. Pro Tem.
*371 THOMAS C. WICKER, Jr., Judge Pro Tem.
This is a tort action arising from an automobile-pedestrian accident in which a nine-year-old girl was fatally injured. Plaintiffs, Ernest and Leona Mones, parents of the deceased child, instituted this suit against Haven Walton, driver of the automobile, and his liability insurer, Liberty Mutual Insurance Company.
The uncontested facts reveal that defendant Walton was driving in the north-bound lane of traffic on a straight stretch of Louisiana Highway 46, a two-lane highway. Plaintiffs' daughter, Katherine, was standing on the shoulder of the south-bound lane of the highway with three other girls, all 13 years of age. One of the girls crossed the highway while defendant's car was a safe distance away in the north-bound lane, and a dump truck was proceeding in her direction in the south-bound lane. Immediately after the dump truck had passed the three remaining girls, who had not yet crossed the highway, Katherine ran out across the highway by herself, and was struck by defendant's automobile.
Plaintiffs allege that defendant Walton was negligent in failing to maintain a proper lookout and driving at a high speed in the presence of children. Defendant denies negligence on his part and claims that plaintiffs' daughter was negligent in darting into the highway from behind a passing dump truck. Plaintiffs retort with the claim that defendant had the last clear chance to avoid the accident.
The trial court rendered judgment in favor of defendants, on the basis of a general jury verdict for defendants and the jury's answers to four special interrogatories. From the adverse judgment, plaintiffs appeal.
The principal issue on appeal relates to the applicability of the doctrine of last clear chance. Plaintiffs claim that prejudicial error was committed in the trial court in that the special interrogatories were prejudicial and confusing to the jurors, preventing the jury from applying the doctrine of last clear chance. Plaintiffs further assert that a proper application of the doctrine of last clear chance would hold defendants liable for the wrongful death of their child.
The special interrogatories in question, along with the answers of the jury, are the following:
 SPECIAL INTERROGATORIES
(1) Was the defendant, Haven Walton, guilty of negligence?
 If your answer to Question #1 is no, you will not
 answer any of the other question. Yes
(2) Was the negligence of the defendant, Haven Walton,
 the proximate cause of the death of the minor, Katherine
 Mones? (Emphasis added.)
 If your answer to Question #2 is no, you will not
 answer any of the other questions. No
(3) Was the plaintiffs' daughter, Katherine Mones, guilty
 of negligence? (Unanswered)
(4) Did the defendant, Haven Walton, have the last clear
 chance to avoid the accident? (Unanswered)
Plaintiffs argue that the second question directed a verdict for defendant if his negligence were not deemed "the" proximate cause of the accident; whereas, the doctrine *372 of last clear chance applies when both parties are deemed negligent, each act of negligence constituting "a" contributing cause of the accident. Plaintiffs urge that the wording of the interrogatory precluded the jury from coming to grips with the ultimate issue in the case, the applicability of the doctrine of last clear chance.
It is settled law in this state that the doctrine of last clear chance applies when the party invoking the doctrine was in a position of peril of which he is unaware or unable to extricate himself and the other party should reasonably have observed his peril and could have avoided the accident. See, e. g., Leake v. Prudhomme Truck Tank Service, Inc., 260 La. 1071, 258 So.2d 358, 366 (1971); Conley v. Continental Insurance Company, 270 So.2d 342, 344 (La.App. 1st Cir. 1972). For this doctrine to apply there must be negligence on the part of both parties. Butler v. State Farm Mutual Auto Insurance Company, 265 So.2d 252, 254 (La.App. 1st Cir. 1972). In theory, when a defendant is deemed to have had the last clear chance to avoid an accident, his negligence in failing to avoid the accident is deemed the ultimate or proximate cause of the accident. W. Prosser, Law of Torts 427, 430 (4th ed. 1971). Therefore, the failure to exercise the last clear chance to avoid the accident becomes the proximate cause of the accident.
In the context the special interrogatories in the case at bar are redundant: interrogatories number 2 and 4, in effect, ask the same question when they ask whether defendant's negligence was the proximate cause of the accident and whether defendant has the last clear chance to avoid the accident. In each question the issue is whether defendant proximately caused the accident. In this respect the questions are repetitious, but they do not misstate the law, as plaintiff suggests. It is conceivable that the repetition could cause confusion for a juror (the jurors did seek a second explanation of the interrogatories from the judge), but we believe a negative answer to question number 2 satisfactorily answers number 4 simultaneously.
Additionally, plaintiffs did not object to the wording of the special interrogatories in the trial court, so they waived their right to complain about them. La.C. C.P. art. 1793; Arnold v. United States Rubber Company, 203 So.2d 764, 769 (La. App. 3rd Cir. 1967), writ refused, 251 La. 738, 206 So.2d 91 (1968); Gryder v. Travelers Insurance Company, 193 So.2d 532, 534 (La.App. 1st Cir. 1966).
With regard to the merits of the applicability of the doctrine of last clear chance to the facts of this case, we believe the defendant did not have a reasonable opportunity to avoid the accident. Plaintiff claims that defendant had the last clear chance to avoid impact by veering to the left, but failed to do so. The record reveals, however, that just before impact defendant attempted to veer to the left, it was defendant's right headlight that hit the deceased, and defendant's vehicle came to rest in a position facing diagonally toward the middle of the road. In light of the undisputed fact that the deceased child darted into the road immediately behind the dump truck passing in the opposite direction from defendant's vehicle, we believe defendant did not have adequate time to avoid impact. Defendant's reaction of immediately applying his brakes and attempting to swerve constitutes the normal reaction of the ordinary prudent driver under similar emergency circumstances. Conley v. Continental Insurance Company, 270 So.2d 342, 345 (La.App. 1st Cir. 1972).
We, therefore, affirm the trial court judgment and dismiss plaintiffs' appeal at their cost.
Judgment affirmed.