307 So.2d 754 (1975)
Felton THOMAS, Plaintiff-Appellant,
v.
James C. ARCENEAUX et al., Defendants-Appellees.
No. 4883.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
*755 Smith & Stockstill by Marshall Stockstill, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Edward C. Abell, Jr., Fredric G. Hayes, Lafayette, for defendants-appellees.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
FRUGE, Judge.
This case arises out of a rear-end car accident in Lafayette. The plaintiff, Felton Thomas, sued James C. Arceneaux and his insurer, Travelers Insurance Company, alleging that Arceneaux negligently rearended him. The trial judge found that Arceneaux was negligent but that Thomas was contributorily negligent and no recovery was allowed. Thomas has appealed and we affirm.
The facts leading up to the accident are as follows. The plaintiff Thomas secretly met with Jean Arceneaux, the wife of the defendant, in Beaver Park in Lafayette at 1:00 A.M. on the morning of the accident. James C. Arceneaux heard about the clandestine meeting and went to Beaver Park to determine if the meeting was in fact taking place. Arceneaux drove his pickup truck into Beaver Park and found his wife sitting in the car with Thomas. At this point Thomas pulled his vehicle out of the park and turned in a northerly direction on Highway 167. Arceneaux pursued.
The testimony establishes that the two vehicles were traveling at a speed of between 55 and 60 m.p.h. in a 70 m.p.h. zone. The accident occurred as the two cars were approaching Pinhook Road.
The plaintiff Thomas testified that as he was approaching Pinhook Road the light at the intersection was red. Although he was not sure Arceneaux was following, he did not want to "take the chance" of stopping at the light and therefore slowed to make a right turn into a motel parking lot. Before the turn was executed he was hit from the rear by Arceneaux.
Thomas testified that he did not slow down very fast and that his turn signal indicator was on for approximately 100 feet. He estimated that he began to apply his brakes between 100 and 200 feet prior to approaching the point at which he intended to turn. He estimated that his vehicle was traveling 15 to 20 m.p.h. at the time of impact.
*756 The defendant James Arceneaux testified that he was following the Thomas vehicle fairly closely. He admitted taking his eyes off the road in order to check on his two small children who were on the seat next to him. When he looked up he stated that the Thomas vehicle was coming to a sudden stop. He testified that he saw no turn signal lights on either prior to averting his eyes to his children or afterwards.
Mrs. Janelle (Jean) Arceneaux was riding in the Thomas vehicle. She testified that both she and Thomas knew that her husband was following them and that they were trying to get away from him. She stated that she had no idea how fast they were traveling but that it was fast. Mrs. Arceneaux recalls that Thomas slowed down suddenly although she did not know why. She stated that Thomas did not have his turn signal on.
The appellant contends that the trial court erred in finding Thomas contributorily negligent and, in the alternative, that the defendant had the last clear chance to avoid the accident.
We find no error in the judgment of the trial court. Based on the testimony summarized above there is ample evidence from which the trier of fact could conclude that the plaintiff Thomas was contributorily negligent. Although our law imposes a duty on a following car to keep his vehicle under control and to observe the forward vehicle and follow at a safe distance, there is also a duty on lead vehicles to use the road in the usual manner. Vander v. New York Fire and Marine Underwriters, Inc., 192 So.2d 635 (La.App. 3rd Cir. 1966). As stated in Nomey v. Great American Indemnity Co., 121 So.2d 763, 765 (La.App. 2nd Cir. 1960):
"[A] driver is entitled to rely upon the assumption that the . . . driver [of the car ahead] will not commit acts of negligence which will endanger the following traffic."
It is obvious that the trial court concluded that the plaintiff Thomas suddenly slammed on his brakes in an attempt to swerve to the right to avoid an encounter with James Arceneaux. There is ample support in the record for such a conclusion and we can find no manifest error with this finding of fact. We note especially that the testimony of the plaintiff Thomas that he did not come to a sudden stop was impeached at trial. In a pretrial deposition Thomas had stated that he "slowed down rather rapidly to make [the] turn." While this testimony does not go to the weight, it does cast doubt as to Thomas' testimony at trial. We conclude that in these circumstances the trial court correctly found Thomas to be contributorily negligent in causing the accident.
We also find no merit in appellant's contention that the doctrine of last clear chance applies. Last clear chance applies to absolve contributory negligence when (1) the plaintiff is in a position of peril, of which he is either unaware or from which he cannot extricate himself, (2) the defendant discovered, or could reasonably have observed the plaintiff's danger, and (3) the defendant could have reasonably avoided the accident. Price v. Watts, 215 So.2d 187 (La.App. 3rd Cir. 1968).
From our reading of the record we do not find sufficient proof that the defendant could have reasonably avoided the accident. The evidence establishes that the two vehicles were traveling at a high rate of speed and that the defendant was closely following Thomas' vehicle. Although they were traveling on a four-lane street, it is not clear that the other lane was clear as Mr. Thomas testified that there were "some cars behind" him. We conclude that the plaintiff has failed to prove that *757 the accident could have been avoided and that the defendant did, in fact, have the last clear chance.
For the reasons assigned, the judgment of the trial court is affirmed. The appellant will pay the costs of this appeal.
Affirmed.