PETERS, Judge ad hoc.
Plaintiff appeals the judgment dismissing her claim against Betty Howell and her insurer, Trinity Universal Insurance Co., for damages resulting from an automobile accident.
The accident occurred shortly after seven o’clock on the cold, foggy morning of December 12, 1973. Plaintiff was backing her car down the driveway toward the road which passed in front of her trailer home. Just before plaintiff started to back up, defendant, Betty Howell, turned into the driveway from the road and proceeded to drive up the driveway, pulling her car as far to the right as possible in order to allow plaintiff to pass on the left. Plaintiff admitted she never looked through the back windshield of her car as she was backing down the driveway and consequently never saw the defendant’s car, and further testified that she was looking out of the left side of her car to be sure that she cleared her mother’s house and car, which were located to plaintiff’s left. She intended to turn her car to the left and back it into her mother’s front yard so that she could turn the car around and enter the road in a forward direction. When she cut her front wheels to the right to make this left-hand turn, the right front of her car hit the left front of defendant’s car. Plaintiff suffered personal injuries and filed this suit. The trial judge dismissed the action at plaintiff’s costs and she appealed. We affirm.
The trial judge did not favor us with written reasons for his judgment. However, this court concludes there is ample evidence to support a finding of no negligence on the part of the defendant.
Even had he found defendant negligent, he could not have escaped the conclusion that plaintiff was guilty of contributory negligence. Backing a car down a driveway without watching to see that there is nothing in the path of the car is obviously negligent conduct.
 Plaintiff argues that even if she were guilty of contributory negligence, this does not bar the action because defendant had the last clear chance to avoid the accident. Obviously, the trial judge rejected this argument as do we. The doctrine of last clear chance absolves a plaintiff of contributory negligence when (1) the plaintiff was in a position of peril of which he was unaware or from which he could not extricate himself (2) the defendant discovered, or could reasonably have observed, the plaintiff’s danger, and (3)the defendant could have reasonably avoided the accident. Thomas v. Arceneaux, 307 So.2d 754 (La.App. 3rd Cir., 1975); Price v. Watts, 215 So.2d 187 (La.App. 3rd Cir., 1968). The defendant in the present case testified at the trial that she did not know plaintiff had not seen her en *401 ter the driveway and that she had no way of knowing plaintiff would cut her front wheels to the right rather than continuing to back straight down the driveway. There is certainly sufficient evidence to lead the trial judge to conclude that last clear chance did not apply because the defendant did not discover, and could not have reasonably discovered, that the plaintiff was in a position of peril.
For the reasons assigned, the judgment of the trial court is affirmed. The appellant will pay the costs of this appeal.
Affirmed.