BOLIN, Judge.
Gerald Porter, 13 years of age, seeks damages for injuries received by him when a bicycle on which he was riding was struck by a car driven by Charles Johnson. The lower court without passing on Johnson’s negligence rejected plaintiff’s demand because of Gerald’s contributory negligence. Plaintiff appeals and we affirm.
The issue is whether the cyclist was guilty of negligence which contributed to the accident and, if so, did the automobile driver have the last clear chance to avoid the accident.
The accident occurred in the afternoon on a two-lane black-top highway. The weather was clear and the road surface was dry. Gerald Porter was using his bicycle to deliver newspapers to his customers who lived along the road. He testified he was riding his bicycle on the extreme right side of the southbound lane of traffic; that at one time he veered his cycle left one or two feet from the extreme right side to obtain a better view of a customer’s garage; that upon seeing the garage was empty he moved back to the extreme right side of the highway and continued riding south down the road. Young Porter remembers nothing about the accident itself.
Defendant Johnson testified he was driving his car south on the same highway. He stated that as he came around a curve in the road he saw the Porter youth approximately one-fourth of a mile ahead riding his bicycle on the right shoulder of the road. He said he reduced the speed of his car to about 45 miles per hour as he drew close to the bicycle; that Porter suddenly and without warning rode into the middle of the southbound lane. Johnson testified he applied his brakes and pulled his car to the left but was unable to avoid striking the cyclist. Johnson stated he did not sound his horn or give any warning of his approach.
The state trooper who investigated the accident concluded the point of impact was in the southbound lane about two feet from *295 the center line of the highway. He measured 74 feet of skid marks laid down by the Johnson car. He testified the damage to Johnson’s ear was on the extreme right front and right side.
Assuming Johnson was negligent, we direct our attention to the question of young Porter’s contributory negligence. A child is not held to the same standard of care as an adult. He must exercise only the care expected of a person of his age, intelligence and experience under the particular circumstances presented to him. Cormier v. Sinegal, 180 So.2d 567 (La.App. 3d Cir., 1965).
The trial court found Porter’s veering into the automobile’s lane of travel met “the test for contributory negligence for such a youngster. He indulged in the gross disregard of his own safety in face of known, understood and perceived danger.” Plaintiff argues the lower court correctly stated the law but misapplied the law to the facts. Plaintiff contends a child must perceive the danger before he can be contribu-torily negligent. It is contended the young bicycle rider could be contributorily negligent only if he veered into the path of the overtaking car with knowledge that the car was behind him.
The Porter youth was 13V2 years old at the time of the accident and was average or above average in intelligence. He lived along the highway where the accident occurred and testified he know the road was heavily traveled and that care was required when crossing. It was not necessary to show he was aware of the specific thing which caused his injury but only that he recognized the danger inherent in this act and then disregarded that danger. Here young Porter knew of the danger inherent in veering suddenly into a heavily traveled highway. We find that action constituted negligence which contributed to the accident.
Plaintiff contends he should recover since the defendant Johnson had the last clear chance to avoid the accident. We find the last clear chance doctrine inapplicable because at the time Johnson discovered the boy’s perilous position it was too late to avoid the accident. Thomas v. Arceneaux, 307 So.2d 754 (La.App. 3d Cir., 1975).
The judgment is affirmed at appellant’s cost.