Mrs. Rebecca DICKERSON, widow of Ferrel Glyn La Fleur, Individually and for and on behalf of her minor children, Ferrel Glyn La Fleur, Jr. and Debra La Fleur, Plaintiffs-Appellants,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellee,

v.

CASUALTY RECIPROCAL EXCHANGE, Intervenor-Appellant.

No. 76–1060.

United States Court of Appeals, Fifth Circuit.

June 2, 1977.

Herman M. Schroeder, New Orleans, La., for Dickerson, etc.

---

Wood Brown, III, New Orleans, La., for Casualty Reciprocal Exchange.

H. Martin Hunley, Jr., Allen R. Fontenot, Mack E. Barham, New Orleans, La., for defendant-appellee.

Before TUTTLE, WISDOM and COLEMAN, Circuit Judges.

PER CURIAM:

This diversity suit, controlled by the law of Louisiana, involves the doctrine of last clear chance (discovered peril) and the effect of a decedent's contributory negligence on his survivors' right to recover against a negligent defendant.

La Fleur, the decedent, stalled his pickup truck on a railroad crossing with a train approaching on a straight track. La Fleur jumped out of his truck and tried to push it off the track. Unable to do so, he reentered the truck and shifted gears. The truck would not start. La Fleur got out and again attempted to push the truck. Seeing that he he could not save his truck, he started to run from the crossing. The train struck the truck, knocking it into La Fleur and killing him.

In answer to interrogations, the jury found that both the engine crew and the decedent were negligent and that the negligence of each was a proximate cause of the accident. The trial court gave judgment for the defendant, Illinois Central Railroad Company, against the decedent's survivors, Mrs. La Fleur suing for herself and minor children.

■ On appeal the appellant contends that the trial court erred in failing to instruct the jury on the last clear chance doctrine. The last clear chance doctrine originated in judicial efforts to ameliorate the effect of contributory negligence. In Louisiana, however:

> For the last clear chance doctrine to apply, the person seeking application of the doctrine must prove (1) that the plaintiff (or in this case plaintiff's dece-

dent) was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) defendant actually discovered, or in the course of reasonable care should have discovered, plaintiff's peril; and (3) that at the time defendant discovered or should have discovered plaintiff's peril, defendant could have avoided the accident by the exercise of reasonable care.

*Nixon v. Southern Railway Co.*, La.App. 1974, 290 So.2d 371, 373. *See also Dowden v. Trinity Universal Insurance Co.*, La.App. 1975, 322 So.2d 399; *Thomas v. Arceneaux*, La.App.1975, 307 So.2d 754; *Mones v. Walton*, La.App.1974, 296 So.2d 370, *writ denied* 300 So.2d 185; Comment, The Last Clear Chance Doctrine in Louisiana, 27 La.L.Rev. 269 (1967). The record clearly shows that the decedent was aware that the train was coming and that he could have extricated himself, but that he chose to remain to try to remove his truck from the track. In the circumstances of this case, therefore the trial court, did not err in failing to give an instruction to the jury on the last clear chance doctrine.

■ In 1884 survivors were granted a right of action under Article 2315 of the Louisiana Civil Code to recover damages for wrongful death. Since that time, Louisiana courts have held, without exception, that the contributory negligence of the deceased constitutes a complete bar to actions by his survivors for the suffering of the deceased himself or for the damages to the survivors themselves. *Brown v. T & P Railway Company*, 1890, 42 La.Ann. 350, 7 So. 682; *Barnhill v. T & P Railway Company*, 1902, 109 La. 43, 33 So. 63; *Harrison v. La. & W. Railway Company*, 1913, 132 La. 761, 61 So. 782; *Castille v. O'Keefe*, 1916, 138 La. 479, 70 So. 481; *Nelson v. T & P Railway Company*, 1917, 140 La. 676, 73 So. 769; *Nolan v. Illinois Central Railway Company*, 1919, 145 La. 483, 82 So. 590. These are old cases. The appellant argues that Louisiana law has changed on this issue, relying on *Callais v. Allstate Insurance Co.*, 1975, La.App., 308 So.2d 342; writ granted 310 So.2d 849; 334 So.2d 692 and *Billiot v. Bourg*,

1975, La.App., 317 So.2d 684; *writ granted* 320 So.2d 910. These recent cases do not support the thesis the appellant advances. The Louisiana Supreme Court granted a rehearing in the *Callais* case, and held that the surviving child of a decedent whose negligence causes his own death cannot recover from the liability insuror of the decedent. In this holding the court reversed its original decision to allow recovery by the surviving child. *Callais v. Allstate Insurance Co.*, La.1976, 334 So.2d 692. Similarly, the Supreme Court granted a rehearing in the *Billiot* case. *Billiot v. Bourg*, La.1976, 338 So.2d 1148. The court concluded that the decedent could recover but on the ground that the deceased driver was free of contributory negligence, contrary to the original conclusion in the case. Thus, there seems to be no basis for the appellant's contention that Louisiana law has changed on the question whether a survivor can recover from a third party tortfeasor when the decedent has been contributorily negligent.

The judgment is AFFIRMED.