SWIFT, Judge.
This damage suit arose from a collision which occurred in the intersection of Mason and Vance Streets in Alexandria, Louisiana, at approximately 5:16 P.M. on August 6, 1976. Just prior to the accident John G. White, plaintiff, had stopped his 1973 Cadillac for a red light in the left lane of Mason, a two lane, one-way, street for traffic proceeding in a westerly direction. Marshall Gregory was also stopped for the light with his car alongside White in the lane to the right. Several other vehicles were stopped in the right lane of Mason behind Gregory. The White ear was the only vehicle stopped in its left lane.
The plaintiff testified that when the traffic light facing him turned green he glanced in his rear view mirror and saw an ambulance approaching from the rear in his lane with its signal lights flashing. Immediately he began to make a left turn on Vance Street in order to get out of the way of the ambulance, but before his car cleared the intersection it was struck in the rear by such vehicle.
The ambulance was driven by James L. Hunt and owned by Cenia Ambulance Service, Inc., defendant. Its driver testified he was on his way to another accident, traveling around 40 miles per hour with his siren and emergency signal lights operating. He reduced his speed as he approached the intersection, but when he saw plaintiff’s automobile proceed to make a left turn he speeded up some. Suddenly, the White car came to a stop in the intersection and Hunt was unable to avoid striking same despite forceful application of the ambulance’s brakes.
Mr. Hunt’s version of the accident was corroborated by James H. Brasher, his passenger and fellow employee, and also by the testimony of the investigating police officer concerning his interview of plaintiff and the skid marks of his Cadillac. Mr. White’s testimony was supported to some extent by Mr. Marshall.
In his oral reasons for judgment the trial judge concluded:
“. . . this court finds that in truth and in fact that Mr. White did start forward, did attempt to turn and for reasons unknown to this court and the evidence, did stop. This stopping equally was the cause in fact of the accident which here occurred and I find that that conduct was contributory negligent. Finding both drivers negligent in the accident, then plaintiff cannot prevail and his suit is dismissed at his cost.”
Our review of the record reveals a reasonable factual basis for and we are in complete accord with the trial judge’s finding that the plaintiff stopped his automobile for no apparent reason in the intersection while turning left immediately prior to the collision. We also agree that such action constituted contributory negligence which proximately caused the accident. In our opinion Mr. White had a duty not to stop arbitrarily in the intersection after having begun to proceed forward on the green light.
Generally, the operator of a motor vehicle must follow another automobile at such a distance as will permit him to stop and avoid a collision with the leading vehicle even in a sudden emergency. And liability has been imposed on the following driver in some cases where the lead vehicle has been struck in the rear after it has proceeded a short distance from a stationary position and then stopped again. Caracu v. Christiana Bros. Poultry Co. of Gretna, 212 So.2d 509 (La.App. 4 Cir. 1968); Winchester v. Gerde-Newman & Co., Inc., 297 So.2d 689 (La.App. 4 Cir. 1974). However, many exceptions have been made to this general rule, and it is recognized that each case must be decided on its own peculiar facts. Volkswagen Insurance Company *212 v. Tamburello, 210 So.2d 136 (La.App. 4 Cir. 1968).
In Thomas v. Arceneaux, 307 So.2d 754 (La.App. 8 Cir. 1975), this court held that while our law imposes a duty on following motorists to keep their vehicles under control and to observe and follow a leading vehicle at a safe distance, there is also a duty on the driver of the lead vehicle to use the road in the usual manner. The driver of the following automobile can assume that the driver of the car ahead will not commit an act of negligence which will endanger following traffic.
In the present case Mr. White came to an immediate stop for no apparent reason in the path of an ambulance proceeding on an emergency call with the right of way under LSA-R.S. 32:125 after indicating to the driver of the emergency vehicle that he was clearing the intersection to allow the latter to pass. While the ambulance driver may also have been negligent, we are convinced the plaintiff was guilty of contributory negligence that was a cause in fact of the accident and bars his recovery herein.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.